In the Matter of ALVIN CHRISS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 26, 1972.

*John G. Bonomi* of counsel (*Patrick J. Moynihan* with him on the brief), for petitioner.

*Eli H. Bronstein* for respondent.

*Per Curiam.* Respondent, admitted to practice in 1962 at the age of 27, was entrusted with $4,500 by the husband of his client, to be paid to her after she secured a Mexican divorce against him. Respondent had recently severed connection with a law partnership and, not having a special bank account of his own, he did not establish one but commingled the escrow funds with his own. His partnership had been financially disastrous, and, called upon to meet certain family financial obligations, he soon dissipated his client's money. He relied upon certain outstanding fees from another lawyer to cover the obligation to his client, but, when she returned from Mexico, having secured the divorce, he had not yet realized these fees, and put her off briefly with an excuse. He then gave her a check for the escrow amount; dishonored by the bank for insufficiency. Two other checks substituted for the first were similarly dishonored, but he paid his client at once when he received the fees owed him, and which he had assigned to her.

Our Referee reports him to have been co-operative, forthright and contrite, freely admitting guilt, impressive in his testimony and, compassionately, " that the matter is one to appeal to the sensibilities of the court." Further, that " now his practice is adequate to meet his responsibilities." We have here a young man, rendered penniless in an unprofitable co-operative joint venture in the law, facing financial family responsibilities, being owed fees, and, in expectation of realization, yielding to temptation. Part of the depletion of his account resulted from his bank's seizure of $2,000 owed to it on a guarantee of another's obligation. This appears to have been an isolated aberration, and arouses sympathy. Yet, it is professional misconduct and cannot be condoned. A sanction must be imposed for this defal-

cation, though the circumstances dictate that it should be minimal. Respondent should be suspended from the practice of law for a period of three months.

STEVENS, P. J., McGIVERN, MARKEWICH, NUNEZ and KUPFERMAN, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three months, effective November 27, 1972.